IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

DON L. BARNES, )
 )
        Plaintiff, )
 )
v. ) Case No. CIV-14-365-KEW
 )
CAROLYN W. COLVIN, Acting )
Commissioner of Social )
Security Administration, )
 )
        Defendant. )

**OPINION AND ORDER**

Plaintiff Don L. Barnes (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

(10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

## Claimant's Background

Claimant was born on February 28, 1971 and was 42 years old at the time of the ALJ's decision. Claimant completed his high school education with some special education classes. Claimant has worked in the past as a construction laborer, hand packager, and shop helper. Claimant alleges an inability to work beginning May 30, 2011 due to limitations resulting from intellectual limitations, depression and anger problems.

## Procedural History

On July 12, 2011, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On May 28, 2013, an administrative hearing was held before Administrative Law Judge ("ALJ") B. D. Crutchfield by video with Claimant appearing in Muskogee, Oklahoma and the ALJ presiding in Tulsa, Oklahoma. She issued an unfavorable decision on July 3, 2013. The Appeals Council denied review of the ALJ's decision on July 2, 2014. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made her decision at step five of the sequential evaluation. She determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform light work with limitations.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to provide a proper analysis at steps four and five; (2) failing to properly evaluate the medical source evidence; and (3) failing to

perform a proper credibility determination.

**Step Four and Five Evaluation and Weighing Opinion Evidence**

In her decision, the ALJ found Claimant suffered from the severe impairments of high blood pressure, major depressive disorder, and antisocial behavior. (Tr. 17). The ALJ determined Claimant retained the RFC to perform light work except no contact with the public and only occasional contact with co-workers and supervisors. The ALJ stated "[h]e should not be part of a team." (Tr. 19).

After consulting with a vocational expert, the ALJ concluded that Claimant could perform the representative jobs of bottling line attendant, small product assembler, and production assembler, all of which the ALJ determined existed in sufficient numbers in both the regional and national economies. (Tr. 24-25). As a result, the ALJ determined Claimant was not under a disability from May 30, 2011 through the date of the decision. (Tr. 25).

Claimant contends the ALJ failed to propound a hypothetical question to the vocational expert which contained all of Claimant's limitations. A consultative mental status examination was performed by Dr. Patrick Turnock on September 17, 2011. Dr. Turnock diagnosed Claimant with Major Depression, Anger Management Problems, and Antisocial Problems. (Tr. 148). He noted Claimant had overall poor adjustment to stress. His ability to deal with

the public, supervisors, and co-workers was found to be impaired due to depression symptoms, anger management, and antisocial behavior. Claimant had the ability to understand, remember, and carry out simple instructions but required increased support and supervision. Claimant was determined to benefit from working by himself although he was unlikely to be able to maintain gainful employment due to antisocial behavior, major depression, and anger management problems. (Tr. 149).

Dr. Gary Lindsay completed a mental RFC assessment form on Claimant dated October 17, 2011. Dr. Lindsay concluded Claimant was markedly limited in the functional areas of the ability to understand and remember detailed instructions, the ability to carry out detailed instructions, and the ability to interact appropriately with the general public. (Tr. 164-65). He concluded Claimant could perform simple tasks with routine supervision, could relate to supervisors and peers on a superficial work basis, could not relate tot he general public, and could adapt to a work situation. (Tr. 166).

A note also appears in the record from Dr. Tracy M. Baker dated July 13, 2011. The correspondence addressed to Claimant states, "This letter is to certify that you have a significant stuttering problem which certainly can interfere with your work." (Tr. 180).

The ALJ properly discounted Dr. Baker's statement of limitation. The medical record is replete with references to Claimant's speech as "within normal limits" (Tr. 148), was "appropriate" (Tr. 203, 206), and "mumbling with slight stuttering but well organized" (Tr. 210). Nothing in the medical record would substantiate a severe stuttering problem which would preclude Claimant from engaging in basic work activities. Dr. Baker's conclusory statement is not supported by specific findings and its rejection was appropriate. Castellano v. Sec. of Health & Human Servs., 26 F.3d 1027, 1029 (10th Cir. 1994).

The ALJ gave Dr. Turnock's opinion "some weight", finding the report was done prior to Claimant seeking treatment at Carl Albert Community Mental Health Center and receiving medication and treatment. The ALJ found that subsequent records indicated Claimant's conditions found by Dr. Turnock improved after the administration of psychotropic medications. (Tr. 23). The records bear this out. (Tr. 198, 206, 208).

The ALJ must evaluate every medical opinion in the record, and she will consider several factors in deciding the weight that should be given to any medical opinion. Salazar v. Barnhart, 468 F.3d 615, 625-626 (10th Cir. 2006)(citing 20 C.F.R. § 416.927(d)). In evaluating medical opinions, the ALJ must accord each opinion the proper weight on the basis of: (1) the examining relationship;

7

(2) the treatment relationship; (3) the length of the treatment relationship and the frequency of examinations; (4) the nature and extent of the treatment relationship; (5) how well the opinion is supported; (6) its consistency with other evidence; and (7) whether the opinion is from a specialist. Id. at 626. *See also* Watkins v. Barnhart, 350 F.3d 1297, 1301 (10th Cir. 2003); 20 C.F.R. §§ 404.1527(d), 416.927(d). The ALJ must give good reasons for the weight assigned to a medical opinion and set forth specific, legitimate reasons for rejecting an opinion of an acceptable treating source. Watkins, 350 F.3d at 1300-1301. This Court cannot conclude that the ALJ's evaluation of Dr. Turnock's opinion was erroneous since she specifically cited references in the record which contradicted Dr. Turnock's findings and, more importantly, because of the timing of the report, did not consider Claimant's improvement with medication.

One curious argument Claimant asserts pertains to a brief submitted by counsel to the ALJ. Inexplicably, the ALJ referenced the brief in her decision, stating it was considered. This was unnecessary and certainly the adequacy of the ALJ's review of the brief does not represent error as Claimant suggests. Only evidence may be considered by the ALJ and Claimant's attorney's brief is not evidence. No error could be attributed to this issue.

Claimant also asserts the ALJ failed to adequately consider a

third party statement of a co-worker. The statement reflects problems Claimant experienced with other employees in his employment. (Tr. 88). A review of the statement does not indicate it is supportive of Claimant's inability to engage in basic work activities. It expressly states that Claimant was "doing all of the work" but that other employees cussed him out all the time. (Tr. 88). Any omission of this statement represented harmless error since it does not support Claimant's positions in this review.

### Credibility Determination

The ALJ evaluated Claimant's credibility but found it lacking. She noted Claimant alleged an inability to work due to stuttering but that other medical findings found his speech to be appropriate. (Tr. 21, 203, 206, 210). The ALJ also found inconsistencies in Claimant's testimony such as stating he could not perform certain household chores (Tr. 119-20) but reporting to Dr. Turnock that he had no problems with completing chores around the house. (Tr. 23, 147). Claimant also alleged difficulties with handling his finances (Tr. 120) but reported to Dr. Turnock that he had no difficulties managing his finances. (Tr. 147).

Claimant also failed to recognized the medically noted improvement in his conditions after treatment and medication. (Tr. 147, 198, 206, 208).

9

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id.

Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3. It must be noted that the ALJ is not required to engage in a "formalistic factor-by-factor recitation of the evidence." Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000).

The ALJ fulfilled her obligation of affirmatively linking her credibility findings with specific references to the medical record. Her findings were supported by the inconsistencies in Claimant's testimony and the record.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, this Court finds the ruling of the Commissioner of Social Security Administration should be and is **AFFIRMED**.

IT IS SO ORDERED this 28th day of March, 2016.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE